UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Raymond James Morley, | Case No. 25-cv-1580 (KMM/JFD) |
| Petitioner, | |
| v. | **ORDER** |
| Donald J. Trump, Kristi Noem, and Cassandra Bly, | |
| Respondents. | |

On April 18, 2025, Petitioner Raymond James Morley filed this action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [ECF No. 1], and an application to proceed *In Forma Pauperis* ("IFP") [ECF No. 2]. Mr. Morley was an immigration detainee who, until recently, was being held by federal authorities at the Sherburne County Jail ("SCJ") in Elk River, Minnesota. [ECF No. 1]. In his Petition, Mr. Morley suggested that he was being detained improperly while his immigration case was resolved; that he has experienced abusive conditions at the SCJ; and challenged the decision ordering his removal. [ECF 1 at 7–8].

On May 27, 2025, United States Magistrate Judge John F. Docherty issued a Report and Recommendation ("R&R") concluding that Mr. Morley's petition should be denied for lack of jurisdiction. [R&R, ECF No. 9]. However, before Mr. Morley could receive the R&R, U.S. Immigration and Customs Enforcement ("ICE") removed him to the Bahamas. [ECF No. 10; Murphy Decl., ECF No. 10-1 ¶ 5 ("On May 27, 2025, ICE removed MORLEY from the United States to the Bahamas via a commercial airline flight.")].

Under Article III of the Constitution, federal courts have jurisdiction over "ongoing cases or controversies." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings. . . ." *Id.* If circumstances change during the course of litigation that would prevent a court from granting effective relief, this case-or-controversy requirement is no longer satisfied and the case becomes moot. *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992). In a habeas action, the release of the petitioner ordinarily means that the court can no longer provide effective relief and should dismiss the case without prejudice for lack of subject-matter jurisdiction. *See Ali v. Cangemi*, 419 F.3d 722, 724 (8th Cir. 2005) (explaining that the petitioner, who had been in immigration detention pending removal proceedings, "arguably received the relief he requested" when he was released on supervision).

There are several recognized exceptions to the mootness doctrine. *Iowa Protection and Advocacy Servs. v. Tanager, Inc.*, 427 F.3d 541, 543–44 (8th Cir. 2005). One such exception is when "the defendant attempts to avoid . . . review by voluntarily ceasing allegedly illegal conduct," but remains "free to reinstate the challenged conduct once the mooted case is dismissed. *Id.* at 543 (citing *Deakins v. Monaghan*, 484 U.S. 193, 200 (1988)). Another exception exists if the case is capable of repetition, but evading review. *Id.* at 544. In two other scenarios, courts have recognized exceptions to mootness: (1) if "secondary or 'collateral' injuries survive after resolution of the primary injury"; and (2) if the case "is a properly certified class action suit." *Sayonkon v. Beniecke,* No. 12-cv-27 (MJD/JJK), 2012 WL 1621149, at *2 (D. Minn. Apr. 17, 2012) (quoting *Riley v. I.N.S.*,

310 F.3d 1253, 1256 (10th Cir. 2002)), *report and recommendation adopted,* No. 12-cv-27 (MJD/JJK), 2012 WL 1622545 (D. Minn. May 9, 2012).

The Court finds that the petition is moot. When ICE removed Mr. Morley from the United States on May 27, 2025, he could no longer receive effective relief from the Court, and therefore, his petition became moot. *See Sirleaf v. Sec'y, Dep't of Homeland Sec.*, 17-CV-4126 (DSD/HB), 2018 WL 3407697, at *1 (D. Minn. June 19, 2018), *report and recommendation adopted,* 17-cv-4126 (DSD/HB), 2018 WL 3404154 (D. Minn. July 12, 2018) ("[Petitioner]'s removal from the United States leaves nothing for the Court to grant by way of habeas relief. He is no longer in the custody of the U.S. Immigration and Customs Enforcement . . . and as a result, the Court cannot order his release."). Furthermore, no evidence before the Court indicates that any of the recognized exceptions to mootness applies.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Petitioner Raymond James Morley's Petition for a Writ of Habeas Corpus Writ of Habeas Corpus (ECF No. 1) is **DENIED** as moot;

2. Mr. Morley's Application to Proceed *In Forma Pauperis* [ECF No. 2] and Motion to Request Court Appointed Counsel [ECF No. 3] are **DENIED** as moot; and

3. This action is **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

Date: June 25, 2025        *s/Katherine Menendez*
                            Katherine Menendez
                            United States District Court